**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
lekvall@swelawfirm.com
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone: 714 445-1000
Facsimile: 714 445-1002

Attorneys for Heide Kurtz, Chapter 7 Trustee

**FILED & ENTERED**

**DEC 07 2017**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

<u>NOT FOR PUBLICATION</u>   **CHANGES MADE BY COURT**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ROLAND CHOW,<br><br>Debtor. | Case No. 2:97-bk-27317-RK<br><br>Chapter 7<br><br>**ORDER DENYING MOTION FOR ORDER AUTHORIZING ABANDONMENT OF PROBATE ACTION AND THE ESTATE'S INTEREST IN REAL PROPERTY PURSUANT TO 11 U.S.C. § 554**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(o)] |

On December 5, 2017, at 2:30 p.m. in Courtroom 1675 of the United States Bankruptcy Court located at 255 E. Temple Street, Los Angeles, California, the *Motion for Order Authorizing Abandonment of Probate Action and the Estate's Interest in Real Property Pursuant to 11 U.S.C. § 554* ("Motion") filed by Heide Kurtz, the chapter 7 trustee for the estate of Roland Chow, came on for hearing. Lei Lei Wang Ekvall of Smiley Wang-Ekvall, LLP, appeared on behalf of the Trustee. All other appearances are as noted on the record.

Having considered the Motion, all papers filed in connection with the Motion, opposition to the Motion, and oral arguments made at the hearing, and for the reasons

stated on the record and in the Court's tentative ruling (the text of the tentative ruling is attached hereto),

**IT IS ORDERED** that the Motion is denied without prejudice to refiling the Motion.

###

Date: December 7, 2017

_____
Robert Kwan
United States Bankruptcy Judge

ATTACHMENT – TENTATIVE RULING

The objecting party, Caroline Jen, filed on 12/1/17 a sur-reply to the trustee's reply to her opposition to his motion for abandonment and related papers, which are not authorized by the court's rules in LBR 9013-1, and the court therefore disregards the sur-reply and related papers as not authorized.

In reviewing the opposing and reply papers, the court agrees with the trustee that the objecting party, Caroline Jen, lacks standing to object to abandonment of the asset since the objecting party does not have a pecuniary interest directly and adversely affected by any abandonment order as she is not a creditor of the estate. In re Fondiller, 707 F.2d 441, 442 (9th Cir. 1983).

However, the court must find that the asset is burdensome to the estate or is of inconsequential value and benefit to the estate pursuant to 11 U.S.C. 554(b). Given the objecting party's offer to pay $10,000 for the asset as evidenced in the opposition, the rt is not so sure that it has enough evidence in the record to make the required finding under 11 U.S.C. 554(b). The evidence in support of the motion primarily consists of the trustee's declaration, which is rather conclusory as to whether the asset is burdensome or is of inconsequential value and benefit. The statements in the briefing that there may be enough to pay claims and administrative expenses and that involvement in the probate litigation would be expensive are conclusory and nonspecific.

In order for the court to grant the motion, the trustee needs to provide more specific explanation of why it would be burdensome or of inconsequential value and benefit to the estate to accept the $10,000 offer. That the objecting party "is hoping to avoid liability and to gain a litigation advantage" may show her motivation to offering the $10,000, but is not relevant to making a finding under 11 U.S.C. 554(b). At this point, the court is inclined to deny the motion without prejudice with leave to amend.

Appearances are required on 12/5/17, but counsel may appear by telephone.

END OF TENTATIVE RULING